## LOUIS A. SANFORD et al. v. STATE.

No. A-6442. Opinion Filed July 3, 1929.
(279 Pac. 360.)

Prentiss E. Rowe, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were convicted upon a charge of possession of intoxicating liquors with the unlawful intent to sell, transfer, give away, furnish, and otherwise provide the same to others, in violation of the prohibitory liquor laws of the state of Oklahoma, and each sentenced by the court to pay a fine of $150 and be imprisoned in the county jail for 30 days. Motion for a new trial was filed, considered, and overruled, and the defendants have appealed to this court.

The testimony in substance, is as follows: D. L. Lancaster testified he was undersheriff of Pawnee county, Oklahoma, on May 26, 1926; that he and Allen Jones, the sheriff, received a call about 8 or 9:30 o'clock and drove over to Skedee; he had been acquainted with the defendant Sanford all his life, and with Mr. Miller for about a year; that he and the sheriff together arrested the defendants at a section line south and west of Skedee; "when we got in 75 or 100 yards of the car we noticed Mr. Sanford and Mr. Miller out to the side of the car, and we jumped out and put them under arrest; after that we looked around and found a jug on the inside of the field near where the two defendants were; the defendants did not admit having this whisky there; Dutch Hepple and the Eaton boy were there in the car; I do not know how old Dutch Hepple is, he is about 17 or 18 years old; Pud Eaton probably 18."

The witness then identified the jug they found in the field by the post near where the defendants were when

placed under arrest; the defendants were not in actual possession of this whisky. Allen Jones testified, in substance, the same as witness Lancaster. On cross-examination, witness Jones testified it was a dark night; that he never saw either of the defendants with the jug. The defendants denied the possession or ownership of the whisky found by the officers.

The defendants and each of them have assigned seven errors alleged to have been committed by the trial court. The first assignment of error is, the court erred in overruling the motion of plaintiffs in error for a new trial; second, the court erred in not sustaining the demurrer of the plaintiffs in error to the information; and, third, the court erred in not sustaining the demurrer of the plaintiffs in error to the evidence of the defendant in error.

The information in this case sufficiently states the crime of possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish to others, and the demurrer to the information was properly overruled.

The testimony in this case tends to show the sheriff received a call of some kind and drove out to Skedee, and at something like a quarter of a mile from Skedee they saw these two defendants in the road near a car, and, without making any investigation, or attempt to ascertain what was going on, if anything, they placed the defendants under arrest, and then searched a field, and near a fence post on the inside of the fence near where the defendants were they found a jug of whisky; the officers did not see the jug of whisky until after they arrested the defendants; they had no warrant for their arrest, or to search their persons or the car which they were near.

All the testimony on the part of the state shows that the defendants were not seen by the officers in possession of the jug of whisky at the time they were placed under arrest, nor had the jug of whisky been seen by the officers before they placed the defendants under arrest.

It is not contended by the state that the defendants were bartering, giving away, or selling to any one. There is no testimony in the record to show any intent on the part of either of the defendants, if the whisky belonged to them, to sell, barter, give away, or otherwise furnish it to others. The fact that the defendants were out on the road and that Dutch Hepple and Pud Eaton had driven out there with them, amounts to a suspicion that, if either of the defendants had any whisky, they might sell or give some of it to these parties named, but it is only a suspicion. If the defendants or either of them had been found in actual possession of the whisky, then the quantity of whisky alleged is prima facie evidence that they intended to sell, give away, or furnish the same to others.

The question in this case to be determined is, Is the testimony sufficient to overcome the presumption of innocence and to show that the defendants intended to violate the prohibitory law. It is not contended by the state that the officers caught the defendants in the act of violating the law. The state's testimony shows they were on the public highway and the officers placed them under arrest and looked around, and on the inside of the field, by a post near where the defendants were, found this jug of whisky. The defendants were not committing a crime in the presence of the officers at the time they were placed under arrest.

We do not think the testimony in this case is sufficient to overcome the presumption of innocence of the

defendants in the absence of any testimony tending to show that the defendants were in possession of the whisky alleged to have been found, with intent to sell, barter, give away, or furnish to others in violation of the prohibitory laws of the state.

In Caffee v. State, 1 Okla. Cr. 485, 148 Pac. 680, the court said:

"With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon a consideration of all the evidence. In the determination of that question they are required by the statute to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proved beyond a reasonable doubt."

It is also urged by the defendant that in the taking of the testimony the county attorney made a statement that was prejudicial to the rights of the defendant when the witness Allen Jones was on the stand being cross-examined by the defendant, when the following question was propounded, and gave the following answer:

"Q. And if you said that he thought you wouldn't make any charge against him? A. There was never any promise like that made. I said if he wanted to make a statement it would be all right and we would go and see the county attorney.

"Mr. Johnson: The reason I said that was because today he said he would back up on that. (The defendant objected to the remark and asked that it be stricken.)"

The court overruled the objection, and defendants failed to except. If the defendants expected to take advantage of the remarks of the county attorney, and to have them stricken, they should have excepted to the ruling of the court in refusing defendants' request to have the remarks of the county attorney stricken at the time and let the record so show. Failing to except to the ruling of the court, the defendants waived their right to have the question considered by this court.

The defendants in this case may be guilty, but there is not sufficient evidence to authorize their conviction under the law. The state failed to show the unlawful possession and intent to sell, and for that reason the court should have sustained the motion of the defendants to direct a verdict of acquittal.

The judgment appealed from is therefore reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.